NO. 07-07-0157-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 31, 2007



______________________________




CARL ALLEN CARTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 4063; HONORABLE STEVEN EMMERT, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, Appellant, Carl Allen Carter, was convicted by a jury
of possession of a controlled substance with intent to deliver and sentenced to twenty-five
years confinement and a $25,000 fine. Appellant filed his notice of appeal on April 20,
2007. Although the date of judgment contained in the clerk's record reflects March 26,
2007, a review of that judgment also reflects that sentence was imposed on March 31,
2003. 

 In a criminal case, the date sentence is imposed is essential in determining the time
in which to perfect an appeal. Tex. R. App. P. 26.2(a). When no motion for new trial is
filed, the notice of appeal must be filed within thirty days after the day sentence is imposed
in open court. Tex. R. App. P. 26.2(a)(1). Because the record as it appears before us
reflects that the notice of appeal was filed more than thirty days after the day sentence was
imposed, we now abate the appeal and remand the cause to the trial court. The trial court
shall utilize whatever means necessary to insure the preparation of a corrected judgment
to resolve this apparent conflict between the date of judgment and the date sentence was
imposed. The trial court clerk is directed to forward the corrected judgment in a
supplemental clerk's record to be filed with the Clerk of this Court on or before Friday,
June 15, 2007.

 It is so ordered.

 Per Curiam



-height: 0.416667in; margin-bottom: 0.104167in">          Appellant, Charles Lee Hess, appeals his conviction for injury to an elderly
individual. The certification of right to appeal executed by the trial court states appellant
waived the right of appeal. We brought this matter to the attention of appellant’s counsel
by letter and granted her an opportunity to obtain an amended certification entitling
appellant to appeal. No such certification was received within the time granted. Having
received no amended certification, we dismiss the appeal in compliance with Texas Rule
of Appellate Procedure 25.2(d).

Per Curiam
 

Do not publish.